IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WHITNEY BANK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 2:14-cv-969-WKW-PWG** |
| | ) | |
| PAYNE LEE & ASSOCIATES | ) | |
| ARCHITECTS, LLC, | ) | |
| DAVID H. PAYNE, and | ) | |
| MARK E. LEE | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Whitney Bank filed this case on September 16, 2014, alleging a single claim of breach of contract for Defendants' alleged default on a loan for $250,000 (the "Payne Lee loan"). (Doc. 1). Defendants Payne Lee & Associates Architects, LLC and Mark Lee filed an answer to the complaint in which they denied the maturity of the loan and their default. (Doc. 14 at ¶ 2). Defendant David Payne answered the complaint on December 4, 2014, making the same denials and bringing a counterclaim[1] arising out of a second loan for $750,000 (the "Perry Monroe loan"). (Doc. 21).

---

[1] The Defendants treat this counterclaim as being brought by all Defendants collectively. However, the counterclaim was brought only by Defendant Payne.

1

Plaintiff moved for summary judgment on its own claim and to dismiss the counterclaim on December 12, 2014, asserting the Statute of Frauds as an absolute bar to the counterclaim.  (Doc. 24).

On November 25, 2014, Judge Keith Watkins referred this matter to the Magistrate Judge for consideration.  (Doc. 19) *See also* 28 U.S.C. § 636(b); Rule 72, F.R.Civ.P.; *United States v. Raddatz,* 447 U.S. 667, 100 (1980); *Jefferey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir. 1990).

## I.      JURISDICTION

This court has jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a).  Plaintiff brings this claim under 28 U.S.C. § 1332.  (Doc. 1). Plaintiff is a Mississippi company while Defendants are citizens of Alabama and an Alabama LLC.  (Doc. 1).  The amount in controversy exceeds $75,000.  (Docs. 1, 21). Jurisdiction in this court is proper.  The requisite elements for diversity jurisdiction are present.

## II.     STANDARDS OF REVIEW

## <u>SUMMARY JUDGMENT</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251–52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).

3

The evidence tendered in support of or in opposition to summary disposition must be reducible to admissible form.  "The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012) (internal quotation marks omitted). "Nevertheless, a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id.* at 1293–94 (internal quotation marks omitted).  Where there are two layers of hearsay, both layers must be excepted from the hearsay rule for the statement to be admissible.  *See* Fed. R. Evid. 805 (providing that "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule"); *see also United States v. Pendas–Martinez*, 845 F.2d 938, 942–43 (11th Cir. 1988) ("[E]ven if one level of double-hearsay statement was not hearsay under Rule 801(d)(1)(B), second level of hearsay was not excepted from rule and document was inadmissible" (citing *S. Stone Co. v. Singer*, 665 F.2d 698, 703 (5th Cir. Unit B Jan.1982)).  And "[f]or the purposes of the hearsay-within-hearsay principle expressed in rule 805, 'non-hearsay' statements under rule 801(d) ... should be considered in analyzing a multiple-hearsay statement as the equivalent of a level of the combined statements 'that conforms with an exception to the hearsay rule.'"

4

*United States v. Dotson*, 821 F.2d 1034, 1035 (5th Cir. 1987) (citing *S. Stone Co.*, 665 F.2d at 698); *accord Pendas–Martinez,* 845 F.2d at 943.

## RULE 12(b)(6) MOTION TO DISMISS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8:  "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff."  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir.2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the

5

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

## III.   FACTUAL BACKGROUND

The loan underlying Plaintiff's claim - the Payne Lee loan - was a $250,000 promissory note secured by a separate security agreement for "certain inventory, accounts, furniture, fixtures, equipment and general intangibles…." (Doc. 1 at ¶¶ 7-8). Defendants David Payne and Mark Lee each eventually executed a continuing guarantee. (Docs. 1-3, 1-4). Additionally, the note was modified in writing on February 28, 2014. (Doc. 1 at ¶¶ 10-12). Plaintiff claims that Defendants defaulted on the Payne Lee loan when they failed to pay the outstanding amount on June 15, 2014, when Plaintiff claims the loan matured. (Doc. 1 at ¶ 13, Doc. 1-6).

The counterclaim alleges that the $750,000 Perry Monroe loan was intended to be a bridge loan and was never intended to mature in one year, despite the fact that the loan documents expressly listed the term as a year. (*Id.*) Defendants characterize

the counterclaim as "breach[] [of] the oral commitment between the parties." (*Id.* at

p. 3).

## IV.   DISCUSSION

Both the motion for summary judgment on Plaintiff's claim and the motion to

dismiss the counterclaim raise the same issue:  whether the Payne Lee loan contract

and the Perry Monroe loan contract have been breached or whether they were

extended by oral agreement.

In Alabama,

In the following cases, every agreement is void unless such agreement
or some note or memorandum thereof expressing the consideration is in
writing and subscribed by the party to be charged therewith or some
other person by him thereunto lawfully authorized in writing:
. . . . .
(3) Every special promise to answer for the debt, default or miscarriage
of another;
. . . . .
(7) Every agreement or commitment to lend money, delay or forebear
repayment thereof or to modify the provisions of such an agreement or
commitment except for consumer loans with a principal amount
financed less than $25,000....

Ala. Code § 8-9-2.  Thus, the types of loans and guarantees executed by the parties

falls within the Statute of Frauds.  *Id.*

If a contract falls within the Statute of Frauds, it may only be altered by a

written agreement.  *Id.*  In this case, although Defendants assert that there was an oral

7

agreement to extend the loans and not to require repayment at maturity, there is no written agreement to that effect. While Defendants attest to actively discussing and negotiating the extension, there is no written documentation or other memorialization that either the extension or the discussions took place.

Additionally, to the extent that Defendants argue that the agreement to extend the loans is a separate and distinct contract, the argument still fails for violating the Statute of Frauds. Ala. Code § 8-9-2(7) specifically includes "[e]very agreement or commitment to lend money, *delay or forebear repayment thereof or modify the provisions* of such an agreement or commitment…" (emphasis added). Because there is no written documentation of this agreement, it cannot be enforced as a separate contract, even if Defendants had established the elements of a valid contract.

In a strikingly similar action, Judge Fuller addressed the question in *Blake v. Bank of America, N.A.*, No. 3:11-cv-242-MEF, 2013 WL 183858 (M.D. Ala. Jan. 17, 2013). In *Blake*, the plaintiff believed herself to have been approved for a lowered monthly payment on her loan and began making what amounted to partial payments as a result. *Id.* She argued that the defendant breached an "oral contract to modify [p]laintiff's loans." *Id.* at *5 (internal citation omitted). The court found this argument unavailing. *Id.* Instead, the court found that, even if there had been sufficient evidence to establish the existence of an oral contract, the contract would

8

"be unenforceable as a mater of law because it violates Alabama's Statute of Frauds." *Id.* According to the plaintiff, the agreement was one to "'modify the provisions' of her previous loan agreement." *Id.* Such an oral agreement was found to violate Alabama Code § 8-9-2(7). *Id.* In order to satisfy the Statute of Frauds, the court found that the plaintiff would have had to "produce evidence of a writing memorializing her loan modification agreement with [defendant]...." *Id.*

Defendants here have made an identical argument: that there was an oral agreement or understanding that the loans would be modified to extend their duration, preventing their maturity and allowing Defendants to continue making payments without going into default. As in *Blake*, Defendants cannot sustain this argument as a defense without providing "such agreement or some note or memorandum thereof expressing the consideration... in writing and subscribed by the party to be charged therewith...." Ala. Code. § 8-9-2.

Defendants seek to exceed the Statute of Frauds by arguing that the contract was ambiguous and that they understood the loan to be for a duration longer than that contained in its terms. This argument fails because it is not Defendants' own subjective belief about the contract that determines ambiguity. The standard is what a reasonable person would believe the contract to mean. Here, there is no reasonable reading fo the contract but that it is for the term explicitly specified.

## V.   CONCLUSION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's motion for summary judgment and motion to dismiss Defendants' counterclaim (Doc. 25) are due to be **GRANTED**.

Finally, it is **ORDERED** that the parties shall file any objections to this recommendation on or before **February 24, 2015**.   Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.   *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

**DONE** and **ORDERED** this 10th day of February, 2015.

/s/ Paul W. Greene
United States Magistrate Judge

10