IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WHITNEY BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-969-WKW |
| ) | [WO] |
| PAYNE LEE & ASSOCIATES ) | |
| ARCHITECTS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On February 10, 2015, the Magistrate Judge filed a Recommendation in this case. (Doc. # 37.) On February 23, 2015, Defendants filed a timely Objection. (Doc. # 38.) Before this court could conduct its review of the Recommendation, two of the Defendants, David H. Payne and Mark E. Lee, filed notices of bankruptcy (Docs. # 39, 40), and an Order (Doc. # 41) was entered staying the litigation pursuant to 11 U.S.C. § 362(a).

After the stay was entered, Plaintiff filed the pending Motion for Adjudication on Magistrate Judge's Report and Recommendation as to Non-Bankrupt Defendant and Counterclaim. (Doc. # 42.) As grounds for its request to have the Recommendation partially adopted, Plaintiff cites 11 U.S.C. § 362(a) and argues that the scope of the automatic bankruptcy stay does not extend to cover actions against non-debtor codefendants or actions initiated by a debtor. Accordingly, before this

court can consider whether the Recommendation is due to be partially adopted and the Objection partially overruled, the proper scope of the automatic bankruptcy stay must be examined.

When Defendants Payne and Lee filed for bankruptcy, an automatic stay was triggered, prohibiting "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy petition]." 11 U.S.C. § 362(a)(1). On March 2, 2015, an Order (Doc. # 41) was entered confirming the operation of § 362(a) and staying the litigation. Plaintiff, however, is correct in arguing that the scope of the automatic bankruptcy stay does not necessarily extend to encompass the entirety of the present litigation. As a general matter, the automatic stay does not extend to shield non-debtor codefendants. *See In re Jefferson Cnty., Ala.*, 491 B.R. 277, 284 (Bankr. N.D. Ala. 2013) ("Generally, the automatic stay of § 362(a) applies only to certain actions taken or not taken with respect to a debtor . . . ."); *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, No. 09-0249, 2009 WL 2413664, at *1 (S.D. Ala. Aug. 3, 2009). Nor does it cover counterclaims brought by a debtor defendant. *Thomas v. Blue Cross & Blue Shield Ass'n*, 333 F. App'x 414, 420 (11th Cir. 2009) (explaining that "[u]nder [a] plain reading of the statute, . . . counterclaims . . . are 'not against the debtor,' and thus [are] not subject to the automatic stay" (quoting *Crosby v. Monroe Cnty.* 394 F. 3d 1328, 1331 n.2 (11th Cir. 2004))).

While courts have carved out an "unusual circumstances" exception, the exception is quite limited and largely reserved for situations where "there is such identity between the debtor and the third-party defendant . . . that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Gulfmark*, 2009 WL 2413664, at *1 (quoting *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007)).  Reviewing the exception's limited application and the facts of this case, it is apparent that no unusual circumstances of the kind sufficient to warrant an extension of the automatic bankruptcy stay are present.  Further, Payne Lee & Associates, the non-debtor Defendant, has failed to provide any argument in support of the automatic bankruptcy stay's extension.[1]

In accordance with the foregoing analysis, it is ORDERED that the stay imposed on March 2, 2015, is lifted as to the non-debtor Defendant, Payne Lee & Associates Architects, LLC, and the counterclaim of debtor Defendant David H. Payne.  The stay remains in full force and effect as to Plaintiff's claims against debtor Defendants, David H. Payne and Mark E. Lee.  Plaintiff's pending motion for partial adoption of the Recommendation will be addressed in a separate opinion.

DONE this 4th day of June, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Payne Lee & Associates was ordered (Doc. # 43) to show cause in writing on or before April 6, 2015, as to why Plaintiff's motion should not be granted.  To date, Payne Lee & Associates has failed to comply with the order.

3